IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SHAMPOIRE VALENTINO ORANGE, | |
| Plaintiff, | CIVIL ACTION NO.: 2:18-cv-1 |
| v. | FILED<br>Scott L. Poff, Clerk<br>United States District Court |
| COL. JUDY LOWE, et al., | *By casbell at 4:52 pm, Jan 08, 2020* |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at the Baker County Detention Center in McClenny, Florida, filed his 42 U.S.C. § 1983 Complaint to contest certain events allegedly occurring while he was on pre-trial detention at the Glynn County Detention Center in Brunswick, Georgia.[1] Doc. 5. Plaintiff also filed two Motions for Leave to Proceed *in Forma Pauperis*, as well as an Amended Complaint. Docs. 2, 6, 11. I **GRANT** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*.[2] Docs. 2, 6, 15. The Court now conducts the requisite screening of Plaintiff's Complaint, as amended. 28 U.S.C. § 1915A. For the following reasons, the Court finds Plaintiff's harassment claims against Defendant Lowe and excessive force claims against Defendants Rozier and Jones will proceed. Accordingly, the Court **ORDERS** the United States

---

[1] Plaintiff styled his initial filing as a petition for a writ of habeas corpus. Doc. 1. However, a review of the contents of that filing revealed that it should have been filed pursuant to 42 U.S.C. § 1983. The Court ordered Plaintiff to file a § 1983 Complaint on the appropriate form, doc. 4, and Plaintiff complied, doc. 5.

[2] The Court attaches to this Order and Report and Recommendation another Order for Plaintiff's benefit since the Court grants him *in forma pauperis* status in this Court. The Clerk of Court is to ensure the attached Order is served upon Plaintiff at his last known address.

Marshals Service to serve a copy of Plaintiff's Complaint, doc. 5, Plaintiff's Amended Complaint, doc. 11, and this Order on Defendants Rozier, Jones, and Lowe.  However, I **RECOMMEND** the Court **DISMISS** all claims against Defendant Glynn County Detention Center and Defendant Corbett, as Plaintiff fails to state a claim against these Defendants.  Should the Court adopt these recommendations, I also **RECOMMEND** the Court deny Plaintiff leave to appeal *in forma pauperis* as to these claims.  In addition, Document 10 was incorrectly filed in this case's docket and should have been filed in Case Number 6:19-cv-5.  The Court **DIRECTS** the Clerk of Court to file Document 10 in Case Number 6:19-cv-5 and amend the docket of this case to reflect this incorrect filing.

## BACKGROUND

In this suit, Plaintiff brings claims against Defendants for excessive force, targeted harassment, and failure to train.  Doc. 11 at 3.  Plaintiff alleges that on December 16, 2017, Defendant Rozier and another correctional officer came to his cell, woke him, and told him to get dressed so they could conduct a search of his cell.  Id. at 1.  Plaintiff claims Defendant Rozier pointed his taser at Plaintiff through the tray flap in the door and threatened to fire his taser if Plaintiff did not hurry.  Id.  Defendant Rozier fired his taser, but it struck a sleeping pad Plaintiff was using as a makeshift shield.  Id. at 1–2.  Defendant Jones then arrived at Plaintiff's cell and ordered Plaintiff to place his hands through the tray flap of his door so that he could be handcuffed.  Id. at 2. Plaintiff complied, and another officer entered the cell and placed leg irons on Plaintiff.  Id.  While Plaintiff was being escorted out of his cell, Defendant Jones placed his taser on Plaintiff's bare back and fired it without provocation, causing Plaintiff to fall to the ground.  Id.  While Plaintiff was on the ground, Defendant Jones aggressively tried to remove the

2

taser prongs that were stuck in Plaintiff's back.  Id.  The next morning, Plaintiff received antibiotics for any wounds and medication for pain and swelling.  Id.

Plaintiff also brings a claim against Defendant Judy Lowe for calculated harassment in the form of repeated cell searches.  Id.  Plaintiff alleges his cell was searched every day, from when he was placed in segregation on November 11, 2017, until he was transferred to Bulloch County Jail on January 21, 2018.  Id. at 2–3.  Plaintiff contends that while in segregation he was deprived of his personal hygiene accessories, letters, books, and bible.  Id. at 3.  Plaintiff maintains these searches were disruptive, often leaving his cell in disarray, and continued even though no contraband was ever found.  Id.  Plaintiff seeks compensatory, punitive, and nominal damages against each Defendant.  Doc. 5 at 10; Doc. 11 at 3.

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis*.  Docs. 2, 6, 15.  Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.     Plaintiff's Claims Against the Glynn County Detention Center**

Plaintiff is suing the Glynn County Detention Center ("GCDC") for its alleged failure to train its correctional officers on the proper use of force.  Doc. 5 at 4, 8.  In order to state a claim for relief under § 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States."  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law."  Id.  While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions, are generally not considered legal entities subject to suit.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (per curiam) (analyzing Georgia law and concluding the same); Wilcox v. Selph, 3:17-cv-15, 2017 WL 4533740, at *2 (S.D. Ga. Sept. 1, 2017) (finding the plaintiff failed to state a claim against the Telfair County Sheriff's Department because it is not a legal entity subject to a § 1983 suit); Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted).

In this case, Plaintiff cannot sustain claims against the GCDC, as this is not an entity subject to suit under § 1983.  Thus, the Court should **DISMISS** Plaintiff's claims against the Glynn County Detention Center.

**II.     Claims Against Defendant Corbett**

In his original filing, Plaintiff named Ronald W. Corbett as a Defendant. Although Plaintiff named Corbett as a Defendant in the heading, he alleges no facts concerning Defendant Corbett. In the absence of any facts relating to relevant conduct, the Court cannot find any cognizable claim. Fed. R. Civ. P. 8. Accordingly, the Court should **DISMISS** any claims against Defendant Corbett.

**III.    Individual Capacity Claims**

   **A.     Excessive Force**

Plaintiff alleges Defendant Rozier attempted to, and Defendant Jones did, taser him without any provocation or justification. Doc. 11 at 1–2. Pretrial detainees are protected from the use of excessive force by the Fourteenth Amendment. Piazza v. Jefferson County, 923 F.3d 947, 952 (11th Cir. 2019). To bring a viable excessive force claim, a pretrial detainee must allege "that the force purposefully or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Here, Plaintiff alleges Defendant Jones used force against him without any justification. I, therefore, find Plaintiff's claims against Defendant Jones for excessive force in his individual capacity are not due to be dismissed at this time and will proceed.

   **B.     Harassment Claims Against Defendant Lowe**

Plaintiff alleges Defendant Lowe ordered his cell searched every day and that these searches were intended to harass him, with no legitimate penological purpose. Doc. 11 at 3. A prisoner has "no reasonable expectation or privacy" in their living quarters; thus, the protection against unreasonable searches and seizures does not normally apply to housing searches. Hudson v. Palmer, 468 U.S. 517, 530 (1984). Prison security requires that prison officials have

6

"unfettered access" to prisoners' cells to search for contraband. Id. at 527. However, that a prisoner has no reasonable expectation of privacy does not mean "he is without remedy for calculated harassment unrelated to prison needs." Id. at 530; see Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999) (finding the allegation of searches for no purpose but harassment raised a non-frivolous Eight Amendment claim). Accordingly, Plaintiff's claim for targeted harassment caused by cell searches is not due to be dismissed at this time.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Corbett and the Glynn County Detention Center. I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to those claims. However, I **FIND** Plaintiff's claims against Defendant Lowe, Rozier, and Jones are not due to be dismissed at this time. Accordingly, the Court **ORDERS** the United States Marshals Service to serve a copy of Plaintiff's Complaint, Plaintiff's Amended Complaint, and this Order on Defendants Rozier, Jones, and Lowe, docs. 5, 11, without prepayment of costs.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

## REMAINING CLAIMS AND DEFENDANTS

As stated above, Plaintiff's claims against Defendants Lowe, Rozier, and Jones are not due to be dismissed at this time.  The Court provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are

further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the**

10

**collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if

11

Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA