

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SHAMPOIRE VALENTINO ORANGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COL. JUDY LOWE; SEGEANT ANTONIO JONES; and SERGEANT ERIC ROZIER,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 2:18-cv-1 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Compel.  Doc. 47.  For the following reasons, the Court **DENIES** Plaintiff's Motion.  In his Motion, Plaintiff seeks a Court Order compelling Defendants to produce disciplinary records of Defendants Jones and Rozier and records of the December 16, 2018 incident forming the basis for this case.[1]  Id.  Plaintiff states he submitted a written request for the documents on May 26, 2020.  Id.  In their Response, Defendants state they received Plaintiff's request on June 1, 2020, and they served responses to the request on June 26, 2020.  Doc. 48.  "[T]he party to whom [a request for production] is directed must respond in writing within 30 days after being served."  Fed. R. Civ. P. 34(b)(2)(A).  Defendants responses were not due until June 29, 2020; therefore, their June 26, 2020 responses were timely.[2]  Accordingly, Plaintiff's Motion to Compel is moot.

---

[1]　As the events giving rise to this case occurred on December 16, 2017, the Court believes Plaintiff merely made a typographical error regarding the date.  In any case, Defendants are not in possession of any documents relating to an event on December 16, 2018.  Doc. 48 at 2 n.3.

[2]　Defendants also state they are not the custodians of the documents Plaintiff requested but have asked the Sheriff to provide any such responsive documents that are in his custody and control.  Doc. 48 at 1 n.2.  Additionally, Defendants state they produced hundreds of documents to Plaintiff in response to this discovery request.  Id.

Furthermore, Plaintiff made no attempt to confer in good faith with Defendants, as Federal Rule of Civil Procedure 37 and Local Rule 26.5 require.[3]  On July 2, 2020, Plaintiff mailed a follow-up letter to Defendants requesting documents other than those provided in a prior discovery response but did not specify what those documents were.  Doc. 48 at 4.  Moreover, Defendants did not receive the letter until July 9, the date the instant Motion to Compel was filed.  Defendants responded to Plaintiff's discovery requests, and Plaintiff failed to confer in good faith with Defendants before filing his Motion.  That failure, alone, warrants denial of Plaintiff's discovery motion.  Dunham v. Gilbert, CV 318-018, 2019 WL 3294189, at *5 (S.D. Ga. July 22, 2019).  Accordingly, the Court **DENIES** Plaintiff's Motion to Compel as premature and as moot.

**SO ORDERED**, this 5th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]  For Plaintiff's future reference, Federal Rule 37(a)(1) states, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Additionally, Local Rule 26.5 requires "a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."