# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| SHAMPOIRE VALENTINO ORANGE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:18-cv-1 |
| | * | |
| v. | * | |
| | * | |
| COL. JUDY LOWE; SERGEANT | * | |
| ANTONIO JONES; and SERGEANT ERIC | * | |
| ROZIER, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation dated March 3, 2021, recommending dismissal of Plaintiff's claims in this action. Dkt. No. 75. Additionally before the Court are Plaintiff's Response to Defendants' Motion for Summary Judgment and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated March 3, 2021. Dkt. Nos. 77, 79. In the Report, the Magistrate Judge recommended the Court dismiss without prejudice Plaintiff's Complaint because Plaintiff failed to exhaust his administrative remedies and failed to follow a Court Order. Dkt. No. 75. For the reasons set forth below, the Court **CONCURS in part** with the Magistrate Judge's Report and Recommendation,

**ADOPTS in part** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections.  The Court **GRANTS** Defendants' Motion for Summary Judgment, construed as a Motion to Dismiss, **DISMISSES without prejudice** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

I.  **Dismissal for Failure to Follow This Court's Order**

The Magistrate Judge recommended dismissal of Plaintiff's claims for failure to follow this Court's Order because Plaintiff failed to timely respond to Defendants' Motion for Summary Judgment.  Dkt. No. 75, pp. 13-15.  When the Magistrate Judge issued his Report on March 3, 2021, the Court had not received Plaintiff's Response, and the deadline for submission of the Response had passed.  See Dkt. Nos. 75, 77.  Several days after the Report was issued, on March 9, 2021, the Court received and docketed Plaintiff's Response.

Plaintiff now objects to the Magistrate Judge's Report, arguing he did, in fact, timely respond to Defendants' Motion.  Dkt. No. 79, pp. 3-4.  Plaintiff's Response was due February 23, 2021.  Dkt. No. 72.  Plaintiff asserts he provided prison officials with his Response on February 21, 2021, but his Response was delayed due to the mail and prison mail procedures.  Dkt. No. 79, p. 4; Dkt. 79-4, p. 2.

2

Plaintiff's explanation is dubious. First, Plaintiff states he gave his brief to prison officials on February 21, 2021. Dkt. No. 79, p. 4; Dkt. No. 79-4, p. 2. However, Plaintiff's Response is dated a day later, February 22, 2021. See Dkt. No. 77. Further, Plaintiff's Response is post-marked March 2, 2021, nine days after he supposedly turned in his Response. Id. at p. 3. Such delay could only be attributable to delays at the prison, not the mail, and Plaintiff offers no specific or articulable explanation for delays at the prison. Additionally, Plaintiff sent a Notice to the Court explaining a mail delay likely caused his Response to be untimely, but this Notice is dated March 2, 2021, post-marked March 3, 2021, and was received by the Court on March 5, 2021. Dkt. No. 76. Indeed, the Notice arrived at the Court before Plaintiff's Response, even though Plaintiff claims the Response was mailed more than a week before the Notice. Dkt. No. 76.

The timing of Plaintiff's Response relative to the Court's ruling on his extensions raises additional concerns. Plaintiff moved for extensions to respond five times. Dkt. Nos. 62, 63, 70, 71, 73. The Court denied Plaintiff's final requested extension of time on February 23, 2021, the day Plaintiff's Response was due. Dkt. No. 74. This record strongly indicates Plaintiff assumed he would receive his requested extension and had not yet submitted, or even prepared, his Response by the

3

February 23, 2021 deadline. Once he received the Court's Order denying his final requested extension, sometime after February 23, 2021, he realized his Response would be untimely and mailed his Notice explaining his Response would be late, blaming mail delays. Plaintiff then back dated his Response to corroborate his version of events.[1]

Nevertheless, the Court need not resolve whether Plaintiff failed to follow this Court's Order and whether his representations to the Court are accurate. Plaintiff's Complaint is still due to be dismissed for failure to exhaust his administrative remedies, as explained herein. Considering these circumstances, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation to dismiss for failure to follow this Court's Order.

## II. Dismissal for Failure to Exhaust Administrative Remedies

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss his claims against Defendants for failure to exhaust his administrative remedies. Dkt. No. 79,

---

[1] The Court has good reason to doubt Plaintiff's credibility on such issues. In another case filed in this Court, Plaintiff responded to a motion to dismiss on exhaustion grounds and provided a grievance he claimed to have submitted before filing suit. Orange v. Simmons, No. 5:19-cv-38 (S.D. Ga. Sept. 15, 2020), ECF No. 34. However, Plaintiff's supposed grievance was on a form that was not even in use at the jail at the time it was allegedly filed. In that case, the defendants claimed the grievance had been falsified, and the Court found Plaintiff's allegations about the grievance to be not credible. Id., ECF No. 48, pp. 6-9.

4

pp. 1-3. Plaintiff also addresses whether he exhausted his administrative remedies in his untimely Response to Defendants' Motion for Summary Judgment, which the Court will also consider here. Dkt. No. 77.

The Magistrate Judge recommended the Court dismiss Plaintiff's Amended Complaint because Plaintiff failed to exhaust his administrative remedies prior to suing Defendants, as required by the Prison Litigation Reform Act ("PLRA"). Dkt. No. 75, pp. 5-13. Applying Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), the Magistrate Judge found under its first step, Plaintiff did not appeal his grievances related to the excessive force allegations against Defendants Jones and Rozier and did not file or appeal any grievances related to the harassment via excessive cell searches against Defendant Lowe. Id. at p. 13.

In Turner, the Eleventh Circuit Court of Appeals laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). 541 F.3d at 1082. First, courts "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., 748 F. App'x 200, 202 (11th Cir. 2018). This prong of the Turner test ensures there

5

is a genuine dispute of material fact regarding the inmate-plaintiff's failure to exhaust. Glenn v. Smith, 706 F. App'x 561, 563-64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao v. Sims, 679 F. App'x 819, 824 (11th Cir. 2017). "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust." Abram v. Leu, 759 F. App'x 856, 860 (11th Cir. 2019) (quoting Whatley v. Warden, Ware State Prison ("Whatley I"), 802 F.3d 1205, 1209 (11th Cir. 2015)); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).")

In his Objections and untimely Response, Plaintiff alleges he filed two grievances relevant to his claims in this action: one on December 17, 2017, and one on December 18, 2017. Plaintiff provides copies of the two purported grievances to the Court. Dkt. No. 79-1, p.2; Dkt. No. 79-2, p.2. However, even taking Plaintiff's allegations as true, it is still clear Plaintiff failed to exhaust his available administrative remedies.

Plaintiff asserts claims against Defendant Lowe for alleged harassment in the form of Lowe ordering unnecessary and frequent searches of Plaintiff's cell. Plaintiff's December 17, 2017 grievance says nothing about the propriety or frequency of cell searches and does not name Defendant Lowe. The December 18, 2017 grievance does name Defendant Lowe, but Plaintiff says

6

nothing about the propriety or frequency of cell searches. Instead, Plaintiff states in the grievance Defendant Lowe is using Officer Rozier to harass Plaintiff with a taser and complains Officer Rozier pulled a taser on Plaintiff several times in the preceding week. The December 18, 2017 grievance cannot constitute valid exhaustion of available remedies as to Plaintiff's claims against Defendant Lowe because the grievance fails to identify the subject matter of Plaintiff's claims against Lowe. Even if the grievance could be construed to describe the claim against Lowe, there is no indication Plaintiff ever attempted to appeal the rejection of the December 18, 2017 grievance. As the Magistrate Judge explained, Plaintiff was required to appeal any denied grievance in order to fully exhaust his claims. Dkt. No. 75, pp. 11-13. Accordingly, even taking Plaintiff's version of the facts as true, Plaintiff failed to exhaust available administrative remedies as to his claims against Defendant Lowe.

Plaintiff's claims against Defendants Jones and Rozier concern an alleged excessive force incident that occurred on December 16, 2017. The Magistrate Judge recommended dismissal of these claims due to Plaintiff's failure to exhaust his available administrative remedies. For these claims, the Magistrate Judge noted Plaintiff filed two grievances—the December 17, 2017 and December 18, 2017 grievances—but concluded

7

Plaintiff nonetheless failed to exhaust the administrative remedies process because he failed to appeal the denial of these grievances, as he was required to do. In his untimely Response and Objections, Plaintiff ostensibly argues the December 18, 2017 grievance was actually an appeal of the denial of his December 17, 2017 grievance concerning the excessive force incident. Dkt. No. 77-24, pp. 7-8; Dkt. No. 79-4, p. 2. Even taking Plaintiff's version of the facts as true, it is clear Plaintiff never appealed the denial of his grievance on the excessive force claim, and, therefore, his arguments fail under Turner step one.

As the Magistrate Judge explained, to properly appeal a grievance at Glynn County Detention Center, an inmate must provide written reasons on the grievance form containing his findings from his initial grievance. Dkt. No. 75, p. 13. Plaintiff argues the proper appeals process is through the kiosk system, rather than through a paper submission. Specifically, Plaintiff claims Glynn County Detention Center only provides an electronic response and, thus, an inmate cannot appeal by writing on the form.[2] Dkt. No. 77-23, p. 5; Dkt. No. 77-24, pp. 8-9; Dkt. No. 79, pp. 1-3. Plaintiff asserts the only way

---

[2] Defendants have not had an opportunity to counter Plaintiff's allegations regarding the submission electronic versus paper appeals. For the purposes of Defendants' Motion, the Court accepts Plaintiff's allegations as true and does not need to proceed beyond Turner step one.

8

to appeal is by going to the kiosk, submitting a new grievance, and indicating it is an appeal of a denied grievance. Dkt. No. 77-23, p. 5; Dkt. No. 77-24, pp. 8-9; Dkt. No. 79, pp. 1-3. Plaintiff claims he appealed in this manner on December 18, 2017, after his initial grievance related to the tasering incident was denied. Dkt. No. 77-23, p. 5; Dkt. No. 77-25, p. 4; Dkt. No. 79, p 2. Plaintiff's argument, however, is not supported by any evidence and runs counter to the face of the grievances at issue.

When questioned at his deposition, Plaintiff testified he "indicated" the December 18, 2017 grievance was an appeal of his December 17, 2017 grievance, presumably meaning an indication on the face of the December 18, 2017 grievance. Dkt. No. 77-22, p. 20. However, Plaintiff's December 18, 2017 grievance does not, in any way, indicate it was an appeal of the denial of the December 17, 2017 grievance. See Dkt. No. 79-2, p. 2. Instead, the December 18, 2017 grievance merely provided a description of the taser incident occurring on December 16, 2017. The word "appeal" does not appear once, and there is no reference to the December 17, 2017 grievance. Additionally, the response to the December 18, 2017 grievance contains no reference to the December 17, 2017 grievance. In short, the documentary evidence plainly shows Plaintiff filed two very similar grievances related to the December 16, 2017 incident but failed to appeal

9

the denial of either of those grievances. Plaintiff argues Defendant Lowe, a higher-ranking jail official, responded to his second grievance, and this demonstrates the jail understood the second grievance to be an appeal of the first. Plaintiff offers no support for that position and nothing in the record indicates the jail understood Plaintiff was filing an appeal. Further undermining Plaintiff's assertion the second grievance was an appeal is the fact Plaintiff names new jail officials and makes additional allegations against officials in the December 18, 2017 grievance. Compare Dkt. No. 79-1, p. 2 with Dkt. No 79-2, p. 2. (naming Defendant Lowe and accusing her of harassment and complaining Defendant Rozier pulled his taser on Plaintiff on other occasions "for nothing" for the first time). Thus, even taking as true Plaintiff's description of the jail's appeals process, Plaintiff failed to properly exhaust his administrative remedies.

Under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))). Here, accepting Plaintiff's

version of events as true, the evidence shows he failed to appeal the denials of his grievances before filing suit. Therefore, the Court finds Plaintiff failed to exhaust his administrative remedies against Defendants Jones and Rozier.

Accordingly, the Court **OVERRULES** Plaintiff's Objection as to whether he exhausted his administrative remedies and **ADOPTS** the Magistrate Judge's recommendation to dismiss all of Plaintiff's claims for failure to exhaust his administrative remedies.

### III. Plaintiff's Other Objections

Plaintiff also objects to the Magistrate Judge's failure to consider his Response to Defendants' Motion for Summary Judgment. Dkt. No. 79, p. 5. As explained herein, the Court did not receive Plaintiff's Response until well after the deadline and after the Magistrate Judge issued his Report. Further, the Court has considered Plaintiff's Response in this Order. Accordingly, the Court **OVERRULES** Plaintiff's Objection regarding the Court's failure to consider his Response.

Plaintiff also objects to the Magistrate Judge's recommendation he be denied leave to appeal *in forma pauperis*. The Court agrees with the Magistrate Judge that Plaintiff has no non-frivolous issues to raise on appeal, even considering his Response and Objections. Plaintiff offers only conclusory arguments to the contrary. Thus, the Court **OVERRULES**

Plaintiff's Objection regarding his ability to appeal *in forma pauperis* and **ADOPTS** this portion of the Magistrate Judge's Report.

## CONCLUSION

Accordingly, after an independent and de novo review of the entire record, the Court **CONCURS in part** with the Magistrate Judge's Report and Recommendation, **ADOPTS in part** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendants' Motion for Summary Judgment, construed as a Motion to Dismiss, **DISMISSES without prejudice** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

SO ORDERED, this 23 day of March, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)